THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| GERMANTOWN MUTUAL INSURANCE COMPANY, a Wisconsin corporation,<br><br>Plaintiff,<br><br>v.<br><br>KARL D. BASTIAN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING [19] PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:24-cv-00509-DBB-JCB<br><br>District Judge David Barlow |

In this action, Plaintiff Germantown Mutual Insurance Company ("Germantown") seeks a declaratory judgment that it has no duty to defend or indemnify Defendant Karl D. Bastian ("Mr. Bastian") for any claims against him related to an automobile accident.[1] Before the court is Germantown's Motion for Summary Judgment against Mr. Bastian.[2] Germantown moves for summary judgment on the basis that there is no coverage for the claims against Mr. Bastian because the vehicle he was driving was not covered under the policy.[3] Mr. Bastian has filed no response.[4] For the following reasons, the court grants Germantown's motion for summary judgment.[5]

---

[1] Compl. for Declaratory J., ECF No. 2, filed July 19, 2024.
[2] Mot. for Summ. J., ECF No. 19, filed June 4, 2025.
[3] *Id.* ¶¶ 1–3.
[4] *See* Order to Show Cause, ECF No. 20, filed July 23, 2025.
[5] Having reviewed the briefing and relevant law, the court finds that oral argument would not materially assist in resolving the matter. *See* DUCivR 7-1(g).

1

## UNDISPUTED MATERIAL FACTS

*The Accident*

On June 24, 2023, Mr. Bastian and Riley Keith Spencer ("Mr. Spencer") were involved in a car accident in Duchesne, Utah, when their vehicles collided.[6] At the time of the accident, Mr. Bastian was driving a 2022 Ram 2500 pickup truck ("Work Truck") provided to him by his employer.[7] Following the accident, Mr. Spencer filed suit against Mr. Bastian and his employer for damages in state court.[8]

At the time of the accident, Mr. Bastian was employed at an oil field site in the Uintah Basin.[9] His employer provided him with the Work Truck because he was required to live on-site and be available twenty-four hours a day, seven days a week.[10] Mr. Bastian regularly used the Work Truck for personal errands because he was not allowed to keep a personal vehicle at the jobsite.[11] His employer was aware that he used the Work Truck for groceries, laundry, and personal errands and never instructed Mr. Bastian not to use it for personal use.[12]

*The Policy*

Germantown issued a personal automobile policy ("the Policy") to Mr. Bastian with effective coverage dates of April 16, 2023 through October 16, 2023.[13] The relevant provisions of the Policy state as follows:

---

[6] Mot. for Summ. J., ¶¶ 8, 11–12.
[7] *Id.* ¶ 12.
[8] Ex. 3, Am. Compl. (filed in state court by Mr. Spencer).
[9] Mot. for Summ. J., 5.
[10] Ex. 5, Bastian Dep. 23:2–21.
[11] Ex. 4, Def.'s Initial Disclosures, 3–5.
[12] *Id.*
[13] Ex. 1, Policy, 1.

> Definitions
> J. 'Your covered auto' means:
>   1. Any vehicle shown in the Declarations.
>   2. A 'newly acquired auto'.
>   3. Any 'trailer' you own.
>   4. Any auto or 'trailer' you do not own while used as a temporary substitute for any other vehicle described in this definition which is out of normal use because of its:
>     a. Breakdown;
>     b. Repair;
>     c. Servicing;
>     d. Loss; or
>     e. Destruction.[14]
> Exclusions
> B. We do not provide Liability Coverage for the ownership, maintenance or use of:
>   2. Any vehicle, other than 'your covered auto', which is:
>     a. Owned by you; or
>     b. Furnished or available for your regular use."[15]

The Policy lists the following vehicles as covered autos under the Policy: a 2016 Ford Explorer Platinum AWD, a 2009 Dodge Ram Mega Cab Pickup 3500 SRW, and a 1996 Ford F-350.[16] Mr. Bastian's Work Truck is not listed in the policy.[17]

*Procedural Posture*

This declaratory judgment action stems from the civil suit filed by Mr. Spencer against Mr. Bastian and his employer on September 15, 2023 in state court.[18] After receiving notice of the claims, Germantown filed its Complaint against Mr. Bastian on July 19, 2024.[19] Germantown seeks a declaratory judgment that there is no coverage under the policy for any claims, causes of

---

[14] *Id.* § Definitions J.
[15] *Id.* § Exclusions B.2.
[16] *Id.* at 2.
[17] *Id.*; Ex. 4, Def.'s Initial Disclosures, 3.
[18] Compl., ¶ 8.
[19] *Id.* at 2.

action, or bodily injury alleged by Mr. Spencer, and that Germantown has no duty to defend Mr. Bastian against the underlying claims.[20]

## STANDARD

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] "A fact is material if, under the governing law, it could affect the outcome of the lawsuit."[22] And a factual dispute is genuine when "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."[23] The movant "bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law."[24] When viewing the record, the court "draw[s] all reasonable inferences therefrom most favorably to the nonmovant."[25]

## DISCUSSION

Germantown contends that there is no coverage under the Policy because Mr. Bastian's Work Truck is not a covered vehicle. Because there is no coverage, Germantown has no duty to defend or indemnify Mr. Bastian. The court will address each point in turn.

---

[20] *Id.* at 10.
[21] Fed. R. Civ. P. 56(a).
[22] *Arlin Geophysical Co. v. United States*, 946 F.3d 1234, 1237 (10th Cir. 2020) (citation omitted).
[23] *Brooks v. Colo. Dep't of Corr.*, 12 F.4th 1160, 1169 (10th Cir. 2021) (citation omitted).
[24] *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).
[25] *Zia Shadows, LLC v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016) (citation omitted).

### A.  Policy Coverage

Under Utah law, courts construe insurance contracts according to the rules of contract interpretation.[26] "An insurance policy is a contract between the insurer and the insured and, accordingly, is subject to the general rules of contract construction."[27] Those rules provide that "the parties to an insurance policy 'are free to define the exact scope of the policy's coverage and may specify the losses or encumbrances the policy is intended to encompass.'"[28] Indeed, "[a]n insurer has the right to contract with an insured as to the risks it will or will not assume, as long as neither statutory law nor public policy is violated. Thus, an insurer may include in a policy any number or kind of exceptions and limitations to which an insured will agree unless contrary to statute or public policy."[29]

Here, the Policy includes the following exception: "We do not provide Liability Coverage for the ownership, maintenance or use of: Any vehicle, other than 'your covered auto', which is: Owned by you; or Furnished or available for your regular use."[30] It is undisputed that Mr. Bastian was driving the Work Truck at the time of the accident and that the Work Truck is not listed as a covered automobile in his Policy. The Work Truck also falls under an exclusion to coverage because it was made "available for [Mr. Bastian's] regular use" by his employer. "Courts determine the legal import of insurance policies, affording the policy terms their usually accepted meanings and giving effect to and harmonizing to the extent possible all policy

---

[26] The Policy is subject to Utah law because this case is before the court under diversity jurisdiction, there is no choice-of-law clause in the insurance policy, and the Policy was issued in Utah. Accordingly, the court applies Utah law. *See also Collet v. State Farm Fire & Cas. Co. & State Farm Mut. Auto. Ins. Co.*, No. 2:20-cv-00906, 2022 WL 558292, at *2 (D. Utah Feb. 24, 2022) ("In Utah, insurance policies are treated as ordinary contracts.").
[27] *S.W. Energy Corp. v. Continental*, 1999 UT, ¶ 12, 974 P.2d 1239.
[28] *Village Inn Apartments v. State Farm Fire & Cas. Co.*, 790 P.2d 581, 583 (Utah Ct. App. 1990).
[29] *Farmers Ins. Exchange v. Call*, 712 P.2d 231, 233 (Utah 1985).
[30] Ex. 1, Policy § Exclusions B.2.

provisions."[31] And Utah courts have held that in the context of auto insurance policies, "the phrase 'regular use' connotes use that is consistent with a recurring pattern or uniform course of conduct or dealing."[32] This interpretation aligns with "what has generally been viewed by courts as the purpose for including the phrase in insurance policies, i.e., to prevent an increase in the amount of risk an insurance company undertakes to insure without a corresponding increase in premium paid."[33] It is undisputed that while Mr. Bastian was working on site, he used the Work Truck for all his regular dealings, such as groceries, laundry, and personal errands.[34] It is also undisputed that Mr. Bastian was aware that the Work Truck was not listed on the Policy, nor did he attempt to add the vehicle to the Policy prior to the accident.[35] Thus, the exclusion applies here according to both the plain meaning of "regular use" and the underlying policy of not assuming the risk of a vehicle without a corresponding premium paid on it.

Therefore, the court concludes that because the Work Truck is not covered under the Policy, there is no coverage from the Policy for the underlying claims against Mr. Bastian.

### B.  Duty to Defend

Germantown's next argument naturally follows: Because there is no coverage under the Policy's terms, Germantown has no duty to defend Mr. Bastian against the accident-related claims.

---

[31] *S.W. Energy Corp. v. Continental*, 1999 UT, ¶ 12, 974 P.2d 1239.
[32] *Valentine v. Farmers Ins. Exchange*, 2006 UT App 301, ¶ 11, 141 P.3d 618.
[33] *Id.* ¶ 12. *See, e.g.*, *Benjamin v. Plains Ins. Co.*, 650 F.2d 98, 100 (5th Cir. 1981) (per curiam) ("To cover a non-owned vehicle regularly used by an insured would cause the insurance company to have to insure vehicles for which the insured did not pay insured premiums.").
[34] Ex. 4, Def.'s Initial Disclosures, 3–5.
[35] *Id.* at 3.

Under Utah law, a "policy containing motor vehicle liability coverage imposes on the insurer the duty to defend, in good faith, any person insured under the policy against any claim or suit seeking damages which would be payable under the policy."[36] Therefore, "[a]n insurer's duty to defend arises solely under the terms of the contract."[37]

Here, the Policy states, "[w]e have no duty to defend any suit or settle any claim for 'bodily injury' or 'property damage' not covered under this policy."[38] The undisputed facts show that the claims against Mr. Bastian are not covered by the Policy. The accident underlying the claims occurred when Mr. Bastian was driving the Work Truck, which is not listed as a "covered auto" in the Policy and which was being provided for Mr. Bastian's regular use. Thus, the claims fall outside the Policy's coverage. Consequently, "under the terms of the contract," Germantown has no duty to defend Mr. Bastian against them.[39]

In sum, Germantown has met its burden to show that there are no genuine disputes of material fact, and that it is entitled to judgment as a matter of law.[40]

## ORDER

Accordingly, the court GRANTS Plaintiff's Motion for Summary Judgment.[41]

Signed August 28, 2025.

BY THE COURT

_____
David Barlow
United States District Judge

---

[36] Utah Code § 31A-22-303(5).
[37] *Equine Assisted Growth and Learning Ass'n v. Carolina Cas. Ins. Co.*, 2011 UT 49, ¶ 8, 266 P.3d 733.
[38] Ex. 1, Policy § Insuring Agreement, A.
[39] *See Equine*, 2011 UT 49, ¶ 8.
[40] *See Adler*, 144 F.3d at 670–71.
[41] ECF No. 19.